UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EUGENE EDWARD ULRATH,

    Plaintiff,

v.                                                           Case No. 4:19cv312-WS-HTC

JOHN DOE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a *pro se* civil rights complaint (ECF Doc. 1), pursuant to 42 U.S.C. § 1983, and motion to proceed *in forma pauperis* (ECF Doc. 2). Upon review of the complaint, it appears this case should be transferred to the United States District Court for the Middle District of Florida.

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Additionally, 28 U.S.C. § 1406 provides that "[t]he district court of a

district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

Here, Plaintiff is an inmate of the Florida Department of Corrections currently confined in Suwannee County. His complaint names a single Defendant, a John Doe who worked at the Reception and Medical Center ("RMC") in Union County. ECF Doc. 1 at 1-2. Plaintiff alleges that, in 2015, his property was taken from him while he was confined at the RMC. *Id.* at 6. When he was transferred from the RMC to Columbia Correctional Institution (located in Columbia County) in December 2015, his property could not be found. *Id.* Plaintiff received his property several months later while at Columbia CI. *Id.* Plaintiff alleges the deprivation of his property hindered his ability to pursue post-conviction relief and violated his First Amendment right to access the courts. *Id.* at 7-8.

Thus, the acts forming the basis of the alleged First Amendment violation occurred in Union and Columbia Counties, which are both located within the jurisdiction of the Middle District of Florida. Furthermore, Plaintiff is currently

confined within the Middle District.  Therefore, pursuant to 28 U.S.C. § 1406(a), this case should be transferred to the Middle District of Florida.

Accordingly, it is respectfully RECOMMENDED:

1. That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

2. That the clerk close the file.

At Pensacola, Florida, this 11th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv312-WS-HTC